BENJAMIN INGLING, PLAINTIFF, v. GEORGE W. SYLVES-
TER, DIRECTOR OF PUBLIC SAFETY, ROBERT VAN
DEUSEN, MUNICIPAL MANAGER, AND THE TOWNSHIP
OF MOUNT HOLLY IN THE COUNTY OF BURLINGTON,
A MUNICIPAL CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided July 14, 1959.

*Messrs. Powell & Davis (Mr. James M. Davis, Jr., appearing) attorneys for plaintiff.*

*Messrs. Parker, McCay & Criscuolo (Mr. Robert W. Criscuolo appearing) attorneys for defendants.*

SCHALICK, J. S. C.  Plaintiff, a policeman in the Mount Holly Police Department, was dismissed by defendant George W. Sylvester, who, by written direction of the municipal manager, Robert Van Deusen, had been named assistant to the municipal manager, and directed as his first assignment to take charge of the police department as director of public safety.  After receiving a complaint against the plaintiff, Sylvester decided the plaintiff should be suspended for five days without pay, and to give effect to the suspension served a written notice on the plaintiff setting forth the reasons for the suspension and its duration.

The plaintiff brings this action in lieu of prerogative writs, alleging that Sylvester had no legal authority to suspend a police officer, and further, that no written charges were preferred or served, and no hearing was held by the appropriate authority as required by *N. J. S. A.* 40:47–6. The plaintiff seeks to invalidate the suspension and to recover the compensation for the period he was suspended.

The parties agreed to submit the issues on stipulation and briefs.

The defendant, Mount Holly Township, is governed under the "council-manager plan A" of the Optional Municipal Charter Law, *N. J. S. A.* 40:69A–1 *et seq.,* and subject to the provisions of *N. J. S. A., Title* 11, *"Civil Service."*

The municipal manager, Van Deusen, appointed Sylvester director of public safety, and on that appointment rests the determination of this issue. It is agreed that there was no action by the municipal council.

Certain statutory provisions are relevant:

*N. J. S. A.* 40:69A–29:

"Each municipality governed by an optional form of government pursuant to this act shall, subject to the provisions of this act or other general laws, have full power to:

(a) organize and regulate its internal affairs, and to establish, alter, and abolish offices, positions and employments and to define the functions, powers and duties thereof and fix their term, tenure and compensation;

(b) adopt and enforce local police ordinances of all kinds and impose penalties of fine not exceeding five hundred dollars ($500.00) or imprisonment for any term not exceeding ninety days or both for the violation thereof; to construct, acquire, operate or maintain any and all public improvements, projects or enterprises for any public purpose, subject to referendum requirements otherwise imposed by law, and to exercise all powers of local government in such manner as its governing body may determine; * * *."

*N. J. S. A.* 40:69A–90:

"Departments, boards and offices; deputy manager

The municipal council shall continue or create, and determine and define the powers and duties of such executive and administrative departments, boards and offices, in addition to those provided for herein, as it may deem necessary for the proper and efficient conduct of the affairs of the municipality, including the office of deputy manager which shall not be included in the classified service under Title II of the Revised Statutes. Any department, board or office so continued or created may at any time be abolished by the municipal council."

*N. J. S. A.* 40:69A–95:

"The municipal manager shall:

(a) be the chief executive and administrative official of the municipality;

(b) execute all laws and ordinances of the municipality;

(c) appoint and remove a deputy manager if one be authorized by the council, all department heads and all other officers, subordinates, and assistants for whose selection or removal no other method is provided in this article, except that he may authorize the head of a department to appoint and remove subordinates in such department, supervise and control his appointees, and report all appointments or removals at the next meeting thereafter of the municipal council; * * *."

*N. J. S. A.* 40:69A–209 preserves plaintiff's tenure as a police officer under *Title* 11, the Civil Service Act.

■ The exercise of the powers of local government is vested in the municipal council. The statute authorizes the municipal council to "continue or create, and determine and define the powers and duties of such executive and administrative departments, boards and offices * * * as it may deem necessary." In the instant case, the council never created the position of director of public safety, nor did the council appoint the defendant Sylvester to that position. Both actions are restricted by statute to the governing body, and in the absence of legal action by the municipal council, the municipal manager is without any authority to appoint a director of public safety. *Mara v. Township of Parsippany-Troy Hills*, 24 *N. J.* 113 (1957).

■ The court finds that the defendant Sylvester was not the director of public safety, for the office was never legally created. It naturally follows that the said defendant had no legal right to suspend the plaintiff. The suspension of the plaintiff as alleged is void and the plaintiff is entitled to the compensation due him for the five days, the time which he was under suspension.

As this is dispositive of the issue, the court need not deal with the other legal questions proposed by counsel.

Judgment will be entered for the plaintiff with costs.